**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BANKFIRST, a South Dakota corporation** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 08 CV 3531** |
| | ) | **Judge Andersen** |
| **GLENN K. YAMAMOTO and ERLINDA S. YAMAMOTO,** | ) | **Magistrate Judge Cole** |
| | ) | |
| **Defendants.** | ) | |

**ANSWER TO COMPLAINT**

NOW COME the Defendants, GLENN K. YAMAMOTO and ERLINDA S.

YAMAMOTO, by and through their attorneys, RICHARD W. HILLSBERG and

MICHAEL G. KREIBICH, and for their Answer to Complaint at Law and

Affirmative Defenses, state as follows:

**INTRODUCTION**

1.      In 2006, Plaintiff extended a loan to Glenn Yamamoto and Erlinda
Yamamoto (the "Borrowers") to finance the Borrowers' construction of a
residence on real property located in Lehigh Acres, Florida.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 1
of the Complaint.

2.      The Borrowers defaulted under the Plaintiff's loan by:  (1) failing to
repay to the Plaintiff the amounts advanced under the loan on the loan's maturity
date, and (2) failing to perform any construction under the project before the
required completion date provided by the parties' construction loan agreement.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 2 of
the Complaint and affirmatively state that Plaintiff's conduct precluded their ability
to complete the project as contemplated by the parties.

548721.1

3.      The Borrowers have failed to cure their default.  Plaintiff now brings this action seeking a money judgment against the Borrowers, jointly and severally, for all amounts due under the loan.

**ANSWER**:   Defendants deny they defaulted on the construction loan agreement and accordingly deny the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.      Plaintiff is a South Dakota corporation with a principal place of business located at 225 South Sixth Street, Suite 2900, Minneapolis, Minnesota 55402.  Plaintiff is a citizen of South Dakota and Minnesota.

**ANSWER:**   Upon information and belief Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant, Glenn Yamamoto is an individual, and upon information and belief, resides at 339 Terrace Court, Palatine, Illinois 60067.  He is a citizen of Illinois.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant, Erlinda Yamamoto is an individual, and upon information and belief, resides at 339 Terrace Court, Palatine, Illinois  60067.  She is a citizen of Illinois.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case under 28 U.S.C. §1332(a)(1), as this is an action between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs.  This Court has personal jurisdiction over the Defendants because they are citizens of Illinois, and reside in this District.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 7 of the Complaint.

548721.1

8.    Venue is appropriate under 28 U.S.C. §1391(a)(1) because the Defendants are citizens of Illinois, and reside in this District.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 8 of the Complaint.

## THE BORROWERS' CONTRACT TO BUILD
## A RESIDENCE ON THEIR REAL PROPERTY

9.    On or around September 15, 2005, the Borrowers entered into a Contract for Sale and Purchase ("Purchase Agreement") with Real Estate Solutions & Investments, LLC, an Arizona limited liability company ("Seller"), to purchase certain real estate located in Florida.  The real estate is located at 3818 21st Street West, Lehigh Acres, Florida  33971, and legally described as follows: Lot(s) 8, Block 30, Unit 2, Lehigh Park, Section 22, Township 44 South, Range 26 East, Lehigh Acres, according to the plat thereof, recorded in Plat Book 15, Page(s) 65, of the Public Records of Lee County, Florida (the "Property").

**ANSWER:**    Defendants admit the allegations contained in the first sentence of Paragraph 9 and upon information and belief, Defendants admit the allegations contained in the rest of Paragraph 9 of the Complaint.

10.    Upon information and belief, Defendant, Glenn Yamamoto's son, Michael Yamamoto, is a member of Real Estate Solutions & Investments, LLC.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.    Under the Purchase Agreement, the Borrowers agreed to purchase, and the Seller agreed to sell, the Property for the purchase price of $62,000.00.  The terms of the Purchase Agreement provided that the sale was contingent on the Borrowers obtaining approval of a mortgage loan to finance the purchase price.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 11 of the Complaint.

548721.1

12.    Shortly thereafter, on or around September 26, 2005, the Borrowers entered into a contract ("Builder Agreement") with Richard Heli Homes, Inc. d/b/a RL Homes, a Florida corporation ("Builder").  Under the terms of the Builder Agreement, the Builder agreed to construct a residence on the real property at a cost to the Borrowers of $214,900.00.  Under Paragraph 7 of the Builder Agreement, the Builder agreed to substantially complete the construction of the residence within 18 months from the date of commencement of construction.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.    On approximately February 28, 2006, the Borrowers acquired the Property from the Seller by Warranty Deed dated February 27, 2006.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 13 of the Complaint.

## THE PLAINTIFF'S LOAN TRANSACTION
## WITH THE BORROWERS

14.    On or around March 13, 1006, the Borrowers executed a construction loan agreement dated March 13, 2006 with the Plaintiff ("Loan Agreement").  Under the terms of the Loan Agreement, Plaintiff agreed to make periodic loan advances to the Borrowers up to the total principal amount of $299,700.00 (the "Loan"), subject to the terms and conditions of the Loan Agreement.  In exchange for the Loan, the Borrowers agreed, among other things:  (1) to timely repay all amounts due under the Loan, and (ii) to construct a one-to-four family dwelling on the Property (the "Property").  Repayment of the Loan was secured by a first-priority mortgage against the Property.  A true and correct copy of the Loan Agreement is attached to this Complaint as Exhibit A.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.    Paragraph 1 of the Loan Agreement provided that all construction under the Project would be fully complete by a completion date of March 15, 2007 (the "Completion Date").  Further, under Paragraph 13 of the Loan Agreement, the Borrowers agreed to cause the Project's development and construction to be done diligently, continuously, and on-time.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.    Under Paragraph 12 of the Loan Agreement, the Borrowers agreed that the Project's budget submitted to Plaintiff "accurately and completely reflects all costs which [Borrowers] reasonably expect to incur in the acquisition, development, construction, equipping and furnishing of the Property and the Project." The Borrowers further agreed that they "will prevent the Project's actual cost from exceeding the Project's budgeted cost."

**ANSWER:**    Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.    Under Paragraph 14 of the Loan Agreement, any of the following, among others, constitutes a default under the Loan Agreement:

(a)    The Borrowers' failure to make any payments due under the Loan;

(b)    The Borrowers' failure to perform any condition or keep any promise or covenant contained in the Loan Agreement;

(c)    A default occurs under any other agreement the Borrowers have with Plaintiff;

(d)    A default under any other term of any other loan document the Borrowers have with Plaintiff;

(e)    The Project's general contractor becomes insolvent; or

(f)    Construction for the Project is delayed or discontinued for 10 or more continuous days so that construction may not be completed on or before the Completion Date.

**ANSWER:**    Defendants deny Plaintiff's mischaracterization of Paragraph 14 of the Loan Agreement as (a) through (f) above as they do not coincide with, or accurately state, the provisions of Paragraph 14.

18.    Upon the occurrence of a default under the Loan Agreement, Paragraph 15 of the Loan Agreement allows Plaintiff to accelerate the loan so that all amount advanced under the Loan are immediately due and owing.  In

addition, upon a default, the Loan Agreement provides that Plaintiff may terminate the Borrowers' right to obtain advances under the Loan and may refuse to make further extensions of credit.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.    Paragraph 15 of the Loan Agreement provides that, upon a default, Plaintiff may advance funds to complete the Project in its sole discretion. Paragraph 15 further provides that, upon a default, Plaintiff may discontinue completing the Project at any time without liability.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.    Under Paragraph 16 of the Loan Agreement, upon Borrowers' default, Borrowers agreed to pay all expenses of Plaintiff's collection, enforcement, or protection of its rights and remedies under the Loan Agreement, including but not limited to, attorneys' fees, court costs and other legal expenses. Pursuant to Paragraph 16 of the Loan Agreement, these expenses will bear interest from the date of payment until paid in full.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 20 of the Complaint.

## THE PROMISSORY NOTE

21.    On or around March 13, 2006, the Borrowers executed and delivered to Plaintiff a promissory note in the original principal amount of $299,700.00 ("Note").  A true and correct copy of the Note is attached to this Complaint as Exhibit B.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.    Under the terms of the Note, Borrowers unconditionally promised to repay to Plaintiff all amounts advanced under the Loan, plus interest from the date of disbursement.  Pursuant to the Note, the Borrowers promised to make monthly installment payments of interest under the Loan beginning April 15,

2006, and to pay the entire amount of principal due under the Loan and all unpaid accrued interest by no later than March 15, 2007 (the "Maturity Date").

**ANSWER:**    Defendants admit the allegations contained in Paragraph 22 of the Complaint.


23.    Pursuant to Paragraph 3(A) of the Note, Plaintiff is entitled to an increased interest rate following maturity of the Note.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 23 of the Complaint.


24.    Pursuant to Paragraph 5(A) of the Note, Plaintiff is entitled to a five percent late charge if any payment is more than fifteen days late.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 24 of the Complaint.


25.    Paragraph 11 of the Note identifies each of the following, among other events, as a default under the Note:  (A)  Borrowers' failure to make any payment in full when due; (B) Borrowers' failure to perform any condition or to keep any promise or covenant of the Note; and (C) a default occurs under any other loan document the Borrowers have with Plaintiff.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 25 of the Complaint.


26.    Paragraph 14 of the Note allows Plaintiff, upon default, to accelerate the loan and use any and all remedies available under state or federal law or in any instrument securing the Note.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 26 of the Complaint..


27.    Under Paragraph 15 of the Note, upon Borrowers' default Borrowers shall pay all expenses of Plaintiff's collection, enforcement, or

protection of Plaintiff's rights and remedies, including but not limited to, attorneys' fees, court costs and other legal expenses.  Under Paragraph 15 of the Note, these expenses will bear interest from the date of payment until paid in full.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 27 of the Complaint.

## THE PLAINTIFF'S LOAN ADVANCES TO THE BORROWERS AND THE BUILDER'S INSOLVENCY

28.    On and after the closing date for the Loan, the Plaintiff made several advances to the Borrowers as provided by the Note and the Loan Agreement.  During the term of the Loan, Plaintiff advanced a total of $92,179.98 to the Borrowers, which financed, among other things, the Borrowers' acquisition of the Property and also interest and other payments required to be paid by the Borrowers under the Note and Loan Agreement.

**ANSWER:**    Upon information and belief, Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.    Upon information and belief, contrary to the terms of the Builder Agreement and the Loan Agreement, the Builder did not perform any construction on the Property during the term of the Loan.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30.    The Builder's failure to perform construction on the Property during the term of the Loan constituted a default under Paragraph 14 of the Loan Agreement and Paragraph 11 of the Note.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 30 of the Complaint and further state, that under the terms of the Loan Agreement, Section 14(O), Defendants has the right to procure a contract with a new contractor or subcontractor who was reasonably satisfactory to Plaintiff.

31.    Upon information and belief, in approximately November 2006, the Builder became insolvent and ceased all operations relating to the Project.

548721.1

**ANSWER:**    Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.    The Builder's insolvency and failure to complete the Project prior to the Completion Date constituted a default under Paragraph 14 of the Loan Agreement and Paragraph 11 of the Note.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 32 and further state, that under the terms of the Loan Agreement, Section 14(O), Defendants has the right to procure a contract with a new contractor or subcontractor who was reasonably satisfactory to Plaintiff.

33.    Upon information and belief, little or no improvements were ever made to the Property.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 33 of the Complaint.

## THE BORROWERS' FAILURE TO REPAY THE LOAN
## ON THE MATURITY DATE

34.    On March 15, 2007, the Loan matured and the Borrowers were required to immediately repay all amounts Plaintiff advanced to the Borrowers under the Note, plus all accrued and unpaid interest.

**ANSWER**:    Defendants deny the allegations contained in Paragraph 34 of the Complaint due to Plaintiff's own action of unreasonably denying Defendant the right to procure a contract with a new contractor or subcontractor who was reasonably satisfactory to Plaintiff.

35.    Borrowers failed and refused to pay Plaintiff all amounts due and owing under the Note.  Borrowers' failure and refusal to pay amounts due to Plaintiff constitutes a default under Paragraph 11 of the Note and Paragraph 14 of the Loan Agreement.

**ANSWER:**  Defendants admit the allegation contained in the first sentence of Paragraph 35 of the Complaint.    Defendants deny all other

allegations contained in Paragraph 35 as Plaintiff's own actions caused Defendant to not comply with the terms of the Loan Agreement.

36.    On May 15, 2007, Plaintiff sent the Borrowers written notice that the Note had matured.  A true and correct copy of this notice is attached to this Complaint as Exhibit C.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.    On March 4, 2008, Plaintiff sent the Borrowers another written notice that the Note had matured.  A true and correct copy of this notice is attached to this Complaint as Exhibit D.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38.    The Borrowers have not cured the defaults.

**ANSWER:**    That under the circumstances Defendants are in default. Defendants further state that any/all alleged defaults were due to Plaintiff's own action of unreasonably denying Defendant the right to procure a contract with a new contractor or subcontractor who was reasonably satisfactory to Plaintiff.

39.    There is due and owing under the Note principal in the amount of $92,179.98, and accrued interest and fees (as of March 4, 2008) in the amount of $14,271.43.  Interest continues to accrue until the indebtedness is paid in full.

**ANSWER**:    Upon information and belief, Defendants admit the allegations contained in Paragraph 39 of the Complaint accept that Defendants deny the amounts are presently due under the circumstances.

40.    Plaintiff is incurring costs and attorneys' fees in enforcing its remedies under the Note and related loan documents.

**ANSWER**: Upon information and belief, Defendants admit the allegations contained in Paragraph 40 of the Complaint.

## COUNT I
## Breach of Contract/
## Judgment-the Note

41.    Plaintiff realleges and incorporates herein the allegations contained in paragraph 1 through 40.

**ANSWER:**    Defendants reallege their answers to Paragraphs 1-40 of the Complaint.

42.    Borrowers executed the Note, promising to pay all sums due and owing as described in the Note.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.    The Note is a valid enforceable contract.

**ANSWER**:    Objection.  Paragraph 43 of the Complaint calls for a legal conclusion and thus no answer is required.  Not withstanding the objection, Defendants deny the Note is enforceable under the circumstances.

44.    The maturity date of the Note was March 15, 2007.

**ANSWER:**    Defendants admit the allegation contained in Paragraph 44 of the Complaint.

45.    Full payment of the Note was due on the maturity date.

**ANSWER:**    Defendants deny the allegation contained in Paragraph 45 of the Complaint.

46.     Borrowers have failed to pay the Note in full.

**ANSWER**:    Defendants admit the allegation contained in Paragraph 46 of the Complaint.

47.     Failure to pay the Note when due is a default of the note.

**ANSWER**:    Defendants deny the allegations contained in Paragraph 47 and Defendants further state that any/all alleged defaults were due to Plaintiff's own action of unreasonably denying Defendant the right to procure a contract with a new contractor or subcontractor who was reasonably satisfactory to Plaintiff.

48.     Borrowers breached the terms of a valid enforceable contract.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 48 and Defendants further state that any/all alleged defaults were due to Plaintiff's own action of unreasonably denying Defendant the right to procure a contract with a new contractor or subcontractor who was reasonably satisfactory to Plaintiff.

49.     Borrowers agreed to pay all costs of collection, including reasonable attorneys' fees, in enforcing the Note.  Plaintiff has incurred, and continues to incur, these costs.

**ANSWER:**    Defendants admit the allegation contained in Paragraph 49 of the Complaint except that Defendants deny Plaintiffs have rightfully attempted to enforce the Note.

50.     There is due and owing under the Note principal in the amount of $92,179.98, and accrued interest and fees (as of March 4, 2008) in the amount of $14,271.43.  Interest continues to accrue until the indebtedness is paid in full. Plaintiff is incurring attorneys' fees and costs and expenses in this action.

**ANSWER:**    Upon information and belief, Defendants admit the allegations contained in Paragraph 50 of the Complaint.

548721.1

51.     Plaintiff is entitled to judgment against Borrowers for the full amount due and owing under Note, plus attorneys' fees and costs.

**ANSWER:**   Paragraph 51 calls for a legal conclusion.  To the extent that facts are alleged, Defendants deny the allegations contained in Paragraph 51 of the Complaint.

## COUNT II
## Unjust Enrichment/Restitution

52.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 and 51.

**ANSWER:**   Defendants reallege their answers to Paragraphs 1-51 of the Complaint.

53.     Pursuant to the Note, Plaintiff provided the Borrowers with a benefit in the form of a substantial amount of funds.

**ANSWER**:   Defendants admit to receiving funds from Plaintiff pursuant to the Note.

54.     The benefit provided to the Borrowers has been to the determinant of Plaintiff as the Borrowers have not repaid Plaintiff for the funds provided to Borrowers.

**ANSWER**:   Defendants admit the allegation contained in Paragraph 54 of the Complaint.

55.     The retention of the benefit by the Borrowers violates the principals of justice, equity, and good conscience.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 55 of the Complaint.

548721.1

56.     Borrowers have profited and unjustly enriched themselves by receiving the benefit of the funds without repaying Plaintiff as promised.  It would be unfair and inequitable to allow Borrowers to retain said benefit.

**ANSWER:**   Paragraph 56 calls for a legal conclusion.  To the extent that facts are alleged, Defendants deny the allegations contained in Paragraph 51 of the Complaint.

57.     Plaintiff is entitled to be compensated for the loss it has incurred as a result of providing funds to the Borrowers and the Borrowers' failure to repay the funds as promised.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 57 of the Complaint.

## COUNT III
## Money Had and Received

58.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 57.

**ANSWER:**   Defendants reallege their answers to Paragraphs 1-57 of the Complaint.

59.     Plaintiff provided substantial funds to the Borrowers which belong to the Plaintiff.

**ANSWER**:   Defendants admit the allegations contained in Paragraph 59 of the Complaint.

60.     The Borrowers promised to repay the Plaintiff for the funds provided to the Borrowers.

**ANSWER**:   Defendants admit the allegations contained in Paragraph 60 of the Complaint.

61.     In equity and good conscience, the funds belong to Plaintiff.

548721.1

**ANSWER:**     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Plaintiff is entitled to have the funds returned to Plaintiff.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

## COUNT IV
## Quantum Meruit

63.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 62.

**ANSWER:**     Defendants reallege their answers to Paragraphs 1-62 of the Compaint.

64.     Under the express terms of a contract, Plaintiff provided substantial funds to the Borrowers.

**ANSWER**:     Defendants admit to receiving funds from Plaintiff pursuant to the Note.

65.     The funds provided were intended to, and did, provide the Borrowers with a direct benefit.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 65 of the Complaint.

66.     Both Borrowers and Plaintiff had an expectation that the Borrowers would repay Plaintiff the funds provided to Borrowers.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 66 of the Complaint.

548721.1

**AFFIRMATIVE DEFENSE**

**A.     BREACH OF CONTRACT BY PLAINTIFF**

1.     That the contract in question should be governed by the laws of South Dakota.

2.     That in or about November 2006, the Builder became insolvent and ceased all operations relating to the Project.

3.     That Section 14(O) of the agreement between the parties, entitled "Contractor's insolvency" states:

> Any Project general contractor or subcontractor becomes insolvent, either because its liabilities exceed its assets or the Project's general contractor or subcontractor is unable to pay its debts as they become due, and I fail to procure a contract with a new contractor or subcontractor, reasonably satisfactory to you, within 30 days from the occurrence of this insolvency.

4.     That South Dakota law requires that every contract contains an implied covenant of good faith and fair dealing that prohibits either contracting party from preventing or injuring the other party's right to receive the agreed benefits of the contract.  *Garrett v. BankWest, Inc.*, 459 N.W.3d 833, 841 (S.D. 1990).

5.     That within 30 days following notice of the insolvency of the Builder, Defendant obtained and presented a new contractor to Plaintiff.

6.     Plaintiff refused to accept the contractor provided by Defendant and further failed to provide Defendant with any reasonable explanation for its refusal of the contractor.  Plaintiff thus acted unreasonably and thereby breached the Loan Agreement upon which the instant claim is based.

7.     The unreasonable actions of the Plaintiff resulted in any/all of the alleged defaults by the Defendants set forth in Plaintiff's Complaint.

WHEREFORE, the Defendants, GLENN K. YAMAMOTO and ERLINDA S. YAMAMOTO request this Court enter a judgment of dismissal in this matter and award the Defendants their costs of suit and any other relief this Court deems just.

548721.1

Respectfully submitted,


By:     /s/ Michael G. Kreibich
One of Their Attorneys


Michael G. Kreibich, Esq.
KOVITZ SHIFRIN NESBIT
750 Lake Cook Road, Suite 350
Buffalo Grove, IL  60089
847/537-0500
Attorney No. 6283302

548721.1